IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02411-PSF-PAC (MEH)

RICKY LAVERN WALKER, JR.,

      Plaintiff,

v.

OFFICER ROBERT FIRZGIBBONS, No. 97029,
OFFICER TRENT TATUM, No. 95026, and
CITY OF DENVER, COLORADO,

      Defendants.
_____

**ORDER ON DEFENDANTS' MOTION TO RECONSIDER AND AMEND JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e)**
_____

Defendants have filed a Motion for Reconsideration [Docket #54] requesting that the Court reconsider the denial of its Motion for Protective Order. The matter has been referred to this Court as the sub-assigned Magistrate Judge after the retirement of Magistrate Judge Patricia A. Coan [Docket #55]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion for Reconsideration.

**I.     Background**

Plaintiff issued discovery requests to Defendants on May 21, 2007, and June 21, 2007. The discovery cutoff in this case was June 21, 2007. Because Defendants did not have the requisite thirty-three days prior to the discovery cutoff to respond to these requests, Defendants filed a Motion for Protective Order on the grounds that the requests were untimely. Dock. #47. Magistrate Judge Schlatter, handling matters on an interim basis after Magistrate Judge Coan's retirement, denied the motion. Dock. #50. Judge Schlatter noted that the Plaintiff is *pro se*, that the Court has been seeking

counsel to represent Plaintiff, but that no counsel as of yet has volunteered to represent Plaintiff. On this basis, Judge Schlatter determined that some leeway with the discovery deadline was appropriate and extended the deadline for discovery to July 26, 2007, for the limited purpose of requiring Defendants to respond to Plaintiff's pending discovery requests.

Defendants now seek reconsideration of that Order under Rule 59(e) and argue that Plaintiff did not establish good cause for this extension. Defendants further contend that *pro se* Plaintiffs are to be held to the same procedural rules as other litigants and that the Court should not serve as the Plaintiff's advocate.

**II.   Discussion**

As an initial matter, Defendants seek this relief pursuant to Rule 59(e), which applies only to judgments. A discovery order such as this is not a judgment. Moreover, the federal rules do not provide for a motion for reconsideration in the form Defendant have filed but rather, allow a party to appeal the decision of a magistrate judge to the district court under a clear error standard of review. 28 U.S.C. § 636(b)(1)(A).

Nevertheless, the Court will consider Defendants' motion under Rule 60(b)(1), which allows for relief from an order based on mistake. Defendants apparently argue that Magistrate Judge Schlatter failed to rely on the good cause standard for this discovery extension, and the Order is silent as to the standard he employed in making his determination to deny Defendants' Motion. And in fact, Judge Schlatter issued the order prior to receiving Plaintiff's response. In his Response, Plaintiff contests Defendants' Rule 7.1.A certification and argues that he was not aware that he was required to serve the requests thirty-three days prior to the deadline. Dock. #52. Even so, the Order does note the efforts of this Court to obtain counsel for Plaintiff and only extends the discovery deadline

by one month.

Upon review of the entire record in this case, this Court concludes that no mistake was made in the Order on Defendants' Motion for Protective Order. Good cause requires Plaintiff to show that the deadline could not be met despite diligent efforts. It does not require the Court to be an advocate to recognize that the record in this case is replete with Plaintiff's diligent efforts to obtain discovery. Plaintiff did not employ the proper methods prior to the instant requests, but good cause is certainly established to support a one month extension of the discovery deadline so that Plaintiff can obtain responses to his first set of written discovery requests. Further, Plaintiff has established excusable neglect based on an improper understanding of the discovery deadline.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants Motion to Reconsider and Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [Filed July 10, 2007; Docket #54] is **denied**.

Dated at Denver, Colorado, this 12th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge