IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kristen L. Mix

Civil Action No. 06-cv-02411-PSF-KLM

RICKY LAVERN WALKER, JR.,

    Plaintiff,

v.

OFFICER ROBERT FITZGIBONS,
OFFICER TRENT TATUM, and
THE CITY OF DENVER, COLORADO,

    Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full.  Plaintiff has been instructed to make such payments or to show cause why he cannot by Order issued December 1, 2006 [Docket No. 2].

I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE due to plaintiff's failure to comply with this requirement.

**BACKGROUND**

On September 25, 2007 [Docket No. 77], plaintiff was ordered either to make the required monthly payments or to show cause why he had no assets and no means by which to make the monthly payments for July, August, and September 2007.

Plaintiff was also ordered to file complete inmate account statements for July and August, and September 2007.  Plaintiff was warned that a failure to comply with the Order would result in the dismissal of his Complaint and the action.  Notwithstanding the Order and warning, plaintiff has failed to remedy his nonpayment or show cause why he cannot pay.  On the contrary, Plaintiff filed a noncertified accounting titled "Inmate Banking History" for the months of July, August, and September, which indicate a positive account balance for at least a portion of each those months  [Docket No. 83, Filed October 26, 2007].  Despite that the accounting shows Plaintiff had available funds for the months of July, August, and September, he did not submit the required payment.  The account statement, which appears to be a complete statement for the months of July, August, and September from the period of July 1, 2007 to October 9, 2007, indicates, in pertinent part that:

- For the month of July – Plaintiff had total deposits of $83.20 and spent $50.82 at the canteen;
- For the month of August – Plaintiff had total deposits of $12.69 and spent $33.20 at the canteen; and
- For the month of September – Plaintiff had total deposits of $35.20 and spent $27.80 at the canteen.[1]

As set forth more fully below, while there were other deductions made for postage, child support, and restitution, the accounting shows that Plaintiff would have otherwise had a positive account balance were it not for his discretionary canteen

---

[1] Plaintiff also filed a uncertified statement of account activity on September 28, 2007 [Docket No. 78] for the period of August 20, 2007 through September 24, 2007 which indicates that he had a positive beginning balance, received deposits totaling $35.20 during that period, and had a positive ending balance (before debits for canteen purchases).

purchases. Regardless, he did not make a payment toward his filing fee, and has consequently failed to demonstrate good cause for his nonpayment.

The accounting for July [Docket No. 83] shows that on July 3, 2007, Plaintiff received a $50.00 deposit, on July 11, 2007, Plaintiff received a deposit of $20.00, and on July 18, 2007, Plaintiff received a deposit of $13.20. After various debits (including $50.82 in canteen purchases), as of July 31, 2007, Plaintiff had a positive balance of $15.16 in his account and had received a total of $83.20 in deposits in the month of July. Yet, Plaintiff made no payment toward his filing fee for July.

The accounting for August [Docket No. 83] shows that on August 20, 2007, Plaintiff received a deposit of $12.69. After various debits (including $33.20 in canteen purchases), as of August 31, 2007, Plaintiff had a positive ending balance of $0.16 and had received a total of $12.69 in deposits in the month of August. Again, Plaintiff made no payment toward his filing fee for August.

The accounting for September [Docket No. 83] shows that on September 8, 2007, Plaintiff received a deposit of $25.00 and on September 19, 2007, Plaintiff received a deposit of $10.20. After various debits (including $27.80 at the canteen), as of September 28, 2007, Plaintiff had a negative account balance of -$0.66, but for a significant portion of the month of September did have a positive account balance (including $35.20 in total deposits). Again, Plaintiff made no payment toward his filing fee.

At the very minimum, plaintiff should have paid $2.54 toward his filing fee for the month of August as required by the Court's Order [Docket No. 77]. Moreover, given the

amounts deposited in Plaintiff's account in July and September, Plaintiff should have paid $16.64 (20% of $83.20) for July and $7.04 (20% of $35.20) for September toward his filing fee.[2] However, the Court docket reflects that no payments were received. In addition, the Court notes that the docket does not contain a complete financial statement for October, a statement from Plaintiff that he cannot pay, or an actual payment for October.

28 U.S.C. § 1915(b)(2) requires that a prisoner shall "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," each time the amount in the account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before he engages in other, discretionary spending. *Harris v. Colo. Dep't of Corr.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000) (unpublished decision).

Plaintiff has offered no credible explanation why, since July 2007, he has failed to make payments toward his filing fee or show cause each month why he cannot pay.

---

[2] The Court notes that Plaintiff filed a Response to Magistrate Judge Kristen L. Mix Order Directing Plaintiff to Make Monthly Filing Fee or to Show Cause [Docket No. 80, Filed October 5, 2007] ("Plaintiff's Response"). Plaintiff indicates that while he receives $10.15 per month in "indigent state pay," that money goes toward restitution, child support, and hygiene expenses. Plaintiff's Response at 2. Plaintiff failed to acknowledge the various other deposits he has received since July, or to account for why 20% of those monies did not go toward payment of his filing fee, as ordered by the Court [Docket No. 77]. He also states that because his account balance was zero at the end of September, "he will be unable to pay the 2.59 cents that Magistrate Ms. Kristen L. Mix has ordered him to pay . . . ." *Id.* at 3. Again, Plaintiff fails to acknowledge the other deposits he received in July, August, and September that should have enabled him to pay at least the $2.54 required by this Court's Order [Docket No. 77].

Plaintiff therefore has not complied with the Court's Order issued on September 25, 2007 [Docket No. 77].

## DISCUSSION

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the circuit court enumerated the factors to be considered when evaluating grounds for dismissal of an action. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D. Colo. 1996).

### 1. Prejudice to the Defendant

From a review of his case file, I find that plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay by presenting a verified copy of his inmate account, has not delayed the progression of his case toward resolution, nor have defendants been prejudiced or adversely impacted. I note, however, that the purpose behind requiring prisoners to pay their filing fee is to deter frivolous prisoner litigation. *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). Defendants, like the courts, are burdened by frivolous cases. Thus, the defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

In addition, as the circuit court explained in *Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003):

> The issue here is not money per se. The issue, rather, is respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court. In disposing of this appeal, we have occasion to set forth the duties of indigent prisoners with respect to the payment of filing fees.
>
> * * *
>
> These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.

(Internal quotations and citations omitted).

### 2. Interference With the Judicial Process

The plaintiff has failed to comply with this Court's Order to Show Cause issued on September 25, 2007 [Docket No. 77]. Plaintiff's failure to follow the Court's Order with respect to his obligation to pay the filing fee, and the Court's continual review of his file and issuance of orders regarding the filing fee increase the workload of the Court and interfere with the administration of justice.

### 3. Culpability of the Plaintiff

Plaintiff has without any reasonable excuse ignored the order to make payments towards the filing fee or to show cause why he could not [Docket No. 2]. Plaintiff was ordered thereafter to show cause why his case should not be dismissed for the failure to make payments or to show cause why he could not [Docket No. 77]). Plaintiff failed to comply with both Orders. From this, I must conclude that plaintiff is responsible for his noncompliance.

### 4. Advance Notice of Sanction of Dismissal for Noncompliance

Plaintiff was warned that he risked dismissal of his case if he continued to fail to make payments towards the filing fee or to show cause why he could not [Docket No. 77]. Despite that warning, plaintiff failed to make any adequate showing excusing his failures to comply with this Court's orders to make his monthly payments or show cause why he could not.

### 5.  Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. The plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective. Because the injury from plaintiff's failures to comply principally is to the judicial system, and not to defendants, a sanction limiting evidence would bear no substantial relation to the misconduct. Under these circumstances, no lesser sanction would be effective and dismissal without prejudice is an appropriate sanction.

## CONCLUSION

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate

review of both factual and legal questions.  *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

      DATED November 19, 2007

                                  BY THE COURT:

                                    /s Kristen L. Mix
                                  Kristen L. Mix
                                  United States Magistrate Judge