IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02411-MSK-KLM

RICKY LAVERN WALKER, JR.,

       Plaintiff,

v.

OFFICER ROBERT FITZGIBBONS, No. 97029,
OFFICER TRENT TATUM, No. 95026, and
THE CITY OF DENVER, COLORADO,

       Defendants.

---

## ORDER DISMISSING PLAINTIFF'S CLAIMS, WITHOUT PREJUDICE

---

THIS MATTER comes before the Court on a Recommendation **(#84)** that the Court

dismiss the Plaintiff's claims for nonpayment of the $350.00 filing fee.  The Plaintiff filed an

untimely objection **(#90)** to the Recommendation, but the Court nevertheless considers it.[1]  The

Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action in November 2006, when he filed his Complaint **(#3)**

and filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 **(#1)**.  In that

motion, the Plaintiff declared under penalty of perjury that he was unable to pay the filing fee, that

he was incarcerated, that he was indigent, and that he had no assets.  Attached to his motion was

---

[1] Because the Plaintiff appears *pro se*, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, notwithstanding his *pro se* status, the Plaintiff is nevertheless required to comply with all applicable rules and court orders.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

a Resident Account Summary for the 8-month period preceding the filing of his Complaint.  At

that juncture, the Plaintiff's account balance was 13 cents.

The Court ordered **(#2)** that the Plaintiff could proceed *in forma pauperis*, upon the

payment of an initial partial filing fee of $18.00.  The Order states, in pertinent part:

> [A]fter payment of the initial partial filing fee, the plaintiff shall be
> required to make monthly payments of twenty percent (20%) of the
> preceding month's income credited to his trust fund account or
> show cause each month [by filing a current certified copy of his
> trust fund account statement] why he has no assets and no means
> by which to make the monthly payment. . . . [I]f within the time
> allowed the plaintiff fails to have the designated initial partial filing
> fee or monthly payments sent to the clerk of the court or to show
> cause as directed above why he has no assets and no means by
> which to pay the designated initial partial filing fee or make the
> monthly payments, the Prisoner Complaint will be dismissed
> without prejudice without further notice (**the first warning**).

Such Order is consistent with 28 U.S.C. § 1915(b)(1), which requires a prisoner who proceeds *in*

*forma pauperis* to pay the entire filing fee, and requires the Court to assess and collect partial

payment of the filing fee in the amount of "20 percent of the greater of– (A) the average monthly

deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account

for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  In

others, payment of the filing fee is not optional.

The Court subsequently issued an Order **(#5)** which relieved the Plaintiff of his obligation

to pay the $18.00 initial fee.  However, the Court again ordered the Plaintiff to make monthly

payments of the filing fee, or to show cause why he could not do so.

Throughout this case, the Plaintiff has filed several inmate account statements, not always

on a monthly basis.  Some of the statements involve overlapping periods of time, but there are

also several periods of time which are not covered by the statements.[2]  In general, these statements show the following:

| Statement Date | Beginning Balance | Ending Available Balance | Deposits | Canteen Purchases |
|---|---|---|---|---|
| 12/11/06 | $0.00 | $0.00 | $0.00 | $0.00 |
| 1/22/07 | $8.69 | $5.12 | $6.59 | $6.89 |
| 2/28/07 | $5.12 | $47.77 | $58.20 | $4.11 |
| 4/23/07 | $1.31 | $0.17 | $26.26 | $11.38 |
| 5/22/07 | $12.29 | $7.15 | $13.20 | $12.64 |
| 6/27/07 | $13.37 | $0.93 | $12.60 | $9.24 |
| 8/28/07 | $.09 | $1.16 | $12.69 | $0.00 |
| 9/24/07 | $.09 | $0.00 | $47.89 | $36.47 |
| **TOTAL** | ----------------- | ----------------- | **$177.43** | **$80.73** |

On September 25, 2007, the Magistrate Judge issued an Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause (**#77**), because the Plaintiff had failed to make monthly payments of the filing fee in the amount of 20% of the deposits into his inmate account, and had not shown that he was unable to make such payments.  The Magistrate Judge also ordered the Plaintiff to pay $2.54 toward the filing fee due to the credits reflected on his August 2007 statement.  She further ordered that each payment, or certified account statement showing an inability to pay, was to be filed by the 15th day of each month.  The Magistrate Judge warned the Plaintiff that the failure to comply would result in a recommendation to dismiss his claims (**the second warning**).

---

[2] The statements do not cover the following periods of time: 11/15/06-12/10/06; 12/12/06-12/21/07; 2/29/07-3/18/07; 4/21/07-4/22/07; 6/28/07-6/30/07; and 10/10/07-10/14/07.

The Plaintiff subsequently filed an account statement **(#83)** which covered the period of July 1 through October 9, 2007. It showed deposits into his account totaling $131.09 during that period, and payments of $102.16 for canteen purchases. He did not make the $2.54 payment, as ordered.

The Magistrate Judge now recommends **(#84)** that the Plaintiff's claims be dismissed, without prejudice, for his failure to make monthly payments toward the filing fee (**the third warning**). The Plaintiff objects to the Recommendation. Although he admits receiving several deposits in his account, he contends that he used "a great portion" to pay for photocopies, legal supplies, and postage.[3]

After the Magistrate Judge issued this recommendation, the Plaintiff filed an account statement **(#85)** dated 11/16/07. It reflects total deposits of $18.60, and an available balance of $9.12. He then filed an account statement **(#91)** dated 12/14/07. It reflects total deposits of $13.20, an available balance of $10.90, and a canteen purchase of $8.78. Most recently, he filed an account statement **(#94)** dated 1/15/08, which shows total deposits of $42.60, an available balance of $20.31, and canteen purchases totaling $46.84. He also made a $5.08 payment toward the filing fee on January 2, 2008.

The Court reviews the Magistrate Judge's recommendation *de novo*, even though the Plaintiff did not timely file his objection. In determining whether the sanction of dismissal is appropriate, the Court considers the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are: (1) the prejudice to the Defendants; (2) the extent

---

[3] The Court notes that the account statements show that Xerox services and postage are separately debited from the Plaintiff's account and are not included in the canteen orders. The Court has also received nothing which shows the breakdown of the Plaintiff's canteen purchases.

to which the Plaintiff's conduct interfered with the judicial process; (3) the Plaintiff's culpability; (4) whether the Court warned the Plaintiff that dismissal was a possible sanction for his conduct; and (5) whether a lesser sanction would have any efficacy.

The Magistrate Judge, too, applied the *Ehrenhaus* factors and concluded that the Plaintiff's failure to comply with this Court's orders has interfered with the judicial process, by requiring continual review of his file with regard to the filing fee issue. She also concluded that the Plaintiff has, without any reasonable excuse, ignored this Court's orders, and is therefore culpable for his noncompliance. She noted that the Plaintiff was warned that his failure to pay partial filing fees, or to show that he was unable to pay them, could result in the dismissal of his claims. Finally, the Magistrate Judge concluded that no sanction less than dismissal would be effective, partly because the effect of the Plaintiff's noncompliance was injury to the judicial system, not to the Defendants.

The Court independently applies the *Ehrenhaus* factors and agrees with the Magistrate Judge's conclusions. Ordinarily, the Court is loath to dismiss a prisoner's claims for failure to make payments towards the filing fee without first giving the prisoner an opportunity to cure the problem. However, in this case, almost three months have passed since the Magistrate Judge issued her Recommendation, and the Plaintiff has done little in the way to better his position notwithstanding three warnings that his claims could be dismissed if he did not comply with the Court's Orders. He received $74.40 in deposits after the Recommendation was issued, yet made only a single payment toward the filing fee in the amount of $5.08 (less than 7% of $74.40, and far less than the statutorily required 20%) on January 2, 2008. Viewed in light of the entirety of this case, such amount is a mere pittance given that the Plaintiff has received a minimum of

5

$322.34 in deposits to his inmate account, and has made approximately $200 in canteen purchases, since he commenced this action. His partial payment in January 2008 reflects less than 2% of the deposits into his inmate account during the pendency of this litigation; he should by now have paid at least $64 towards the filing fee.

There is little to no prejudice to the Defendants caused by the Plaintiff's conduct. However, this is perhaps the most egregious case the Court has ever seen in which a prisoner has failed to make payments toward the filing fee. The Plaintiff's failure to make <u>any</u> payments towards the filing fee until January 2008 – notwithstanding his ability to do so – and then his minuscule payment of $5.08, show profound disrespect for this Court, for the legal services it provides to the public, and to the law. No sanction short of dismissal will have any efficacy.

**IT IS THEREFORE ORDERED** that the Court **ADOPTS** the Magistrate Judge's Recommendation **(#84).** The Plaintiff's claims are **DISMISSED**, without prejudice. The Clerk of Court is directed to close this case.

Dated this 8th day of February, 2008

BY THE COURT:

Marcia S. Krieger
United States District Judge